

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
~~GERALD C. MANN~~
ATTORNEY GENERAL

Honorable T. R. Johnson
County Attorney, Reagan County
Big Lake, Texas

Dear Mr. Johnson:

Opinion No. O-5561
Re: Matter of the duty of a
County Clerk, upon re-
ceiving absentee ballots
not properly attested by
the elector, as required
by law.

Your request, including a brief, upon the above captioned subject matter is as follows:

"The Honorable H. L. Puckett, County and District Clerk of Reagan County, Texas, requests an opinion on the following:

"STATEMENT OF FACTS

"He has received in past elections, and presumes that he will receive in the coming election, absentee ballots in absentee ballot envelopes not properly filled in, signed and sworn to by the elector as provided by the statutes and laws of this State; and the question has been raised as to whether he, as County Clerk, should ignore absentee ballots so received or whether he should deliver them to the election judges for their consideration and determination as to whether they should be counted or not. The most frequent examples of how absentee ballot envelopes have been received by him in the past are illustrated by Exhibits 'A,' 'B' and 'C' attached.

"QUESTION


"Should the County Clerk ignore as void absentee ballot envelopes which are not properly filled in, signed and sworn to by the elector when received by him through the mails or should said County Clerk deliver such absentee ballot envelopes to the election judges for them to determine whether the ballot therein should be considered or not?

"What would be the application of this question to an absentee ballot envelope which has not been filled in at all and which has not been signed or sworn to by the elector as shown by Exhibit 'A' where the absentee ballot envelope has been partially filled in but not signed or sworn to as shown by Exhibit 'B,' and where the absentee ballot envelope has been filled in and signed by the elector but not sworn to before a Notary Public or some officer authorized to take acknowledgments as shown by Exhibit 'C'?

"The County Clerk is only interested in what disposition he should make of such absentee ballots, that is, whether he should or should not deliver them to the presiding judge of election, or to any assistant judge of election, in the proper precinct.


"OPINION


"It is my opinion that absentee ballot envelopes not properly filled in, signed and sworn to by the elector as provided by law are void and should be ignored by the County Clerk when received by him through the mails and should not be delivered to the judges of election to be considered as ballots in the election being held.

"I fail to find any decisions by our appellate courts on the subject, but Subdivision 4 of Article 2956 provides the manner in which absentee ballots should be cast, to-wit:

"'* * * which ballot shall be marked by elector, * * * in the presence of a Notary Public or other persons qualified under the law to take acknowledgments, * * * and such ballot shall then in the presence of such officer be folded by the elector * * * deposited in said envelope, the envelope securely sealed, the endorsement filled out, signed and sworn to by the elector, or in case of disability, then by the said witness for and in behalf of said elector, and certified by such officer and then mailed by said officer, postage prepaid, to the County Clerk.'

"And Subdivision 5 of said Article 2956, Revised Civil Statutes of Texas of 1925, sets out what the County Clerk is to do with said absentee ballot when received, as follows:

"'Upon receipt of any such ballot sealed in its ballot envelope duly endorsed, the clerk shall keep the same unopened until the second day prior to such election, and shall then enclose the same together with the elector's application and accompanying papers, in a larger or carrier envelope which shall be securely sealed and endorsed with the name and official title of such clerk, and * * * the clerk shall forthwith mail same, or deliver it in person, to the presiding judge of election, or to any assistant judge of election, in said precinct.' (See Article 2956 for duties of election judges as to such ballots)."

Subdivision 5 of Article 2956, Vernon's Annotated Civil Statutes, provides:

"Upon receipt of any such ballot (absentee) sealed in its ballot envelope duly endorsed, the

county clerk shall keep the same unopened until the second day prior to such election, and shall then enclose same together with the elector's application and accompanying papers, in a larger or carrier envelope * * *, and the clerk shall forthwith mail same, or deliver it in person, to the presiding judge of election, or to any assistant judge of election, in said precinct."

Then follows another paragraph of said Subdivision 5 which requires "ballots mailed out by the county clerk within the legal time, but not received back by him on or before the third day prior to the election * * *, shall not be voted, but shall remain in the custody of the county clerk during the thirty (30) day period provided for in Subdivision 6 of said Article."

It will therefore be noted that while express provision is made for the custody of absentee ballots not received back by the county clerk on or before the third day prior to the election, no such provision is made for the disposition of absentee ballots received by said clerk in ballot envelopes not duly endorsed.

A careful examination of Subdivision 6, however, clearly implies that such ballots shall be mailed or delivered in person by the county clerk in like manner and to the proper election officials as required concerning ballots in duly endorsed ballot envelopes.

Said Subdivision 6 contains, among others, the following provisions:

"In case the election board finds the affidavits (on ballot envelopes) duly executed, that the signatures (upon the application and upon the affidavit) correspond, that the applicant is a duly qualified elector of the precinct, and that he has not voted in person at said election, they shall open the envelope containing the elector's ballot * * * If the ballot be admitted, the words 'absentee voter' shall be set down opposite the elector's name on the poll list. If the ballot be not admitted, there shall be endorsed on the back thereof the word 'rejected,' and all rejected

ballots shall be enclosed, securely sealed, in an envelope on which words 'rejected absentee ballots' have been written, together with a statement of the precinct and the date of election, signed by the judges and clerks of election and returned in the same manner as provided for the return and preservation of official ballots voted at such election. In all cases the application poll tax receipt or exemption certificate, ballot envelope and the affidavits and certificates accompanying same shall be returned by the officers of election to the county clerk who shall keep all such papers except poll tax receipts and exemption certificates for one (1) year and shall return poll tax receipts and exemption certificates to the voter * * * except in case of challenge * * *." (Emphasis ours)

Thus, it was clearly the intention of the Legislature that all absentee ballot envelopes received by the county clerk "on or before the third day prior to the election," together with their contents and the other instruments mentioned in Subdivision 6, should be mailed or delivered in person by the county clerk as therein directed. Otherwise, how could the election board determine whether or not the affidavits (on the ballot envelopes) had been duly executed, or that the signatures (upon the application and upon the affidavit) correspond? Also, how would said board be able to determine the other matters covered by Subdivision 6 and comply with its provisions? It certainly could not do so if said absentee ballot envelopes and accompanying papers were not delivered to it.

Suppose the absentee voter's application, because of his physical disability, is prepared and signed by one witness and said voter's affidavit on the ballot envelope is filled out and signed by a witness other than the first. Could it be contended that anyone, other than the proper election officials, could determine whether said ballot envelope had been "duly endorsed?"

Suppose the county clerk should fail to deliver returned ballots in envelopes not duly endorsed and an election contest should thereafter ensue. Embarrassment and serious consequences might easily result, especially if such ballots should be lost or destroyed. The clerk's contention as to lack of proper endorsement could and probably would be met by an emphatic denial by the absentee elector. No such issue could arise if the absentee

ballots in question are delivered by the county clerk in the manner prescribed in Subdivision 6, supra.

In the case of Sartwelle v. Dunn (Civ. App. 1938) 120 S. W. (2d) 130, the court used this significant language:

> "We recognize the general rule that the will of the electors should be respected when expressed at the ballot, but we are of the opinion that an elector exercising the right of suffrage through the medium provided by the absentee voting statute should at least substantially comply with the requirements of such statute." (Emphasis ours)

Who, then, is to determine whether said requirements have been substantially complied with? No such authority is given the county clerk. It is clearly the duty of the respective precinct election officials.

In the case of Ramsey v. Wilhelm (Civ. Appl, 52 S. W. (2d) 757, error refused, it was held that:

> "The will of the legal voters as expressed at the polls is the matter of paramount concern, and, in the absence of any showing of fraud, or reasonable indication that such will has not been fairly expressed and the evidence thereof properly preserved, the courts have been liberal in construing and enforcing as directory only the provisions of the election laws which are not upon their face clearly mandatory." (Emphasis ours)

In the same case, the votes of seven absentee voters were attacked, five of whom did not deliver or exhibit their poll tax receipts to the county clerk when obtaining their ballots, as provided for in Article 2956, R. S. The county clerk made no such demand, although said five voters had paid their poll taxes and were qualified electors. Regarding these votes the court

said:

> "That they expressed their will by an otherwise legal ballot, that such ballot was not tampered with, but was counted, is not denied. The proper time and place to have raised that question would have been, we think, by challenge of these votes when tendered to the <u>election officials,</u> as provided for in Art. 2956. There is no indication that this was done, * * *; and we decline to disfranchise them because <u>administrative officials</u> have failed, * * * to <u>discharge the ministerial duties</u> imposed upon them by the statute."
> (Emphasis ours)

Also see Stratton v. Hall, (Civ. App.) 90 S. W. (2d) 865; Hooker v. Foster, (Civ. App.) 19 S. W. (2d) 911.

Clearly, therefore, the duties of the county clerk in connection with those matters are ministerial and not discretionary. He is not vested with authority as to what ballots shall or shall not be counted. Such authority is vested in the proper election officials. The presumption obtains that said officials will perform their duties in a lawful manner. Should they admit absentee ballots which should have been rejected, or should they reject such ballots which should have been admitted, ample provision is made for the preservation of both. The evidence is thus legally preserved in the event of a contest. A serious question in this connection would be presented if the county clerk should retain any such absentee ballots in his possession. A more serious question would arise in the event said clerk should destroy same. These matters are very serious and involve grave consequences. The best way is the safe way. The safe way is for the county clerk to mail or deliver to the proper election officials all returned absentee ballots in their envelopes, except those which are not received back by him on or before the third day prior to the election. By so doing he will perform his duties in the manner clearly implied by the statute; and he will not violate any of the provisions of Articles 215 to 231, inclusive, of the Penal Code of Texas, and all amendments thereto.

Fortunately, the Supreme Court of Texas, in the rather recent case of Wood v. State (1939), 126 S. W. (2d) 4,

Honorable T. R. Johnson, page 8

has left no doubt as to the meaning of Section 5 of Article 2956, aforesaid. The following quotation from said case is unambiguous and very definite:

"Subdivision 5 of this Article (2956) makes it the duty of the county clerk, when he receives an absentee ballot, to keep same unopened until the second day prior to the election. It is then made his duty to enclose the ballot with the elector's application therefor in an envelope, securely sealed, etc., and mail or deliver the same to the proper presiding or assistant election judge."

Let it be definitely understood that we are not passing upon the legality of such absentee ballots. Such is a matter for determination primarily by the proper election officials in each precinct.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _L. H. Flewellen_
                L. H. Flewellen
                Assistant

LHF:EP





APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN